

# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>MATTHEW E P THORNHILL | Case Number: 1811-AC00088 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DOMINIC PONTELLO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>ISAAC JOSEPH BRESSLER<br>PONTELLO & BRESSLER<br>406 BOONES LICK RD<br>SAINT CHARLES, MO 63301<br>(636) 896-4170 | |
| Defendant/Respondent:<br>OCWEN LOAN SERVICING, LLC | Date, Time and Location of Court Appearance:<br>**13-FEB-2018, 09:00 AM**<br>**DIVISION 12 COURTROOM**<br>**300 N 2nd STREET**<br>**SAINT CHARLES, MO  63301** | |
| Nature of Suit:<br>AC Other Tort | | (Date File Stamp) |

## Associate Division Summons

**The State of Missouri to:** OCWEN LOAN SERVICING, LLC
**Alias:**

1010 W. MOCKINGBIRD LN.
STE 100
DALLAS, TX  75247

CSC LAWYERS INCOPORATING
SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO  65101

**COURT SEAL OF**

*ST. CHARLES COUNTY*

   You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.
   If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____1/8/2018_____          _____/S/ Judy Zerr_____
         Date                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name ) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                         Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons                         $_____
Non Est                         $_____
Sheriff's Deputy Salary
Supplemental Surcharge          $___10.00___
Mileage                         $_____ (_____ miles @ $._____ per mile)
Total                           $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# EXHIBIT A

IN THE CIRCUIT COURT
SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **DOMINIC PONTELLO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **OCWEN LOAN SERVICING, LLC** ) | |
| ) | |
| Serve at: ) | |
| CSC-LAWYERS INCORPORATING SERVICE CO) | |
| 221 BOLIVAR STREET ) | |
| JEFFERSON CITY, MO 65101 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Dominic Pontello, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in Saint Charles County, Missouri.

5.   This Court has jurisdiction of the state law claim of invasion of privacy pursuant to 28 U.S.C. § 1367 because the conduct giving rise to the claim occurred in Saint Charles County, Missouri.

## PARTIES

6.   Plaintiff is a natural person currently residing in Saint Charles County, Missouri.

7.   Defendant Ocwen Loan Servicing, LLC, is a is one of the largest non-bank mortgage servicers in the United States. Defendant services mortgage loans in all 50 states, including Missouri. Defendant is a limited liability company and a "person" as defined by 47 U.S.C. § 153(10).

### *Telephone Consumer Protection Act*

8.   At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

9.   At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

10.   Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

11.   Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

12.   At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

13.   At all times relevant to this complaint, Defendant has used, controlled, and/or

operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Invasion of Privacy*

14. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it states as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
> 15 U.S.C. § 1692(a) (emphasis added).

15. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

### **FACTS**

16. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left artificial or pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

17. Defendant's automated and pre-recorded messages calls to Plaintiff's cell phone (636) 541-7673, were unsolicited and unauthorized.

18. Plaintiff never provided his cell phone number to Defendant and Plaintiff never gave his express written consent to be called on his cellular telephone by automatic dialed telephone calls or prerecorded messages.

19. Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

20. Defendant's phone calls came from a number owned and operated by Defendant.

21. Defendant knows the TCPA's prohibitions against using an autodialer and pre-recorded messages to call cell phones, and has continued to make unauthorized and prohibited phone calls despite this knowledge.

### *Violations of the TCPA*

22. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, inter alia, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The TCPA's definition of an automatic telephone dialing system includes a "predictive dialer." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-9 (7th Cir. 2012).

23. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

24. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed calls and calls using an artificial voice or pre-recorded message to a wireless number by a creditor or on behalf of a creditor are permitted only if the calls are made with the "prior express consent" of the called party. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

25. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶10).

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave his express consent to Defendant to use an autodialer to call his cell phone within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

27. Directly as well as through its subsidiaries, contractors and agents, Defendant employs hundreds of persons at various call centers throughout the country. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of debts collected by Defendant.

28. A significant portion of Defendant's business operations are dedicated to servicing

consumer loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy

29. Defendant's regular business practices include making repeated phone calls, as well as sending notices, statements, bills, and other written correspondence to persons it believes responsible for paying past-due accounts.

30. Part of Defendant's strategy for servicing consumer loans involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages.

31. Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

32. Defendant makes calls using an ATDS and/or artificial or prerecorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls.

33. Defendant never obtained express written consent from Plaintiff, pursuant to 47 U.S.C. § 227 (b)(1)(A), to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone, (573) 214-1535.

34. Plaintiff received numerous such illicit non-emergency pre-recorded and/or synthesized phone calls or voice messages from Defendant's automatic telephone dialing system, and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. Defendant's phone calls for Plaintiff were placed from Defendants' automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

36. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

Electronically Filed - St Charles Circuit Div - January 04, 2018 - 07:12 PM

### *Invasion of Privacy – Intrusion Upon Seclusion*

37.     Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone without consent by Plaintiff, and thereby invaded Plaintiff's right to privacy.

38.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

39.     The conduct of Defendant in engaging in the above-described illegal telecommunications conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

40.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

### COUNT I: VIOLATION OF THE TCPA

41.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

42.     Defendant has a policy, practice or procedure of placing automated and pre-recorded calls to cell phones without the prior consent of the called parties.

43.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

    a.     Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A)(iii).

44.     Defendant's violations were negligent, or alternatively, they were willful or

knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A. Judgment that Defendants' conduct violated the TCPA;

    B. Actual damages;

    C. Statutory damages pursuant to 47 USC (b)(3); and

    D. For such other relief as the Court may deem just and proper.

### COUNT II: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

45.    Plaintiff re-alleges and incorporates by reference all prior paragraphs.

46.    The aforementioned intrusion upon seclusion by Defendant was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for:

    A.    Actual damages;

    B.    Punitive damages;

    C.    Court costs;

    D.    For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

/s/ Isaac J. Bressler

---
Isaac J. Bressler, MO#66379
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 869-4170
(636) 246-0141 facsimile
ibressler@pontellolaw.com

### DOCUMENT PRESERVATION DEMAND

Electronically Filed - St Charles Circuit Div - January 04, 2018 - 07:12 PM

   Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

                    /s/ Isaac J. Bressler